

**Re: Aleksander Khochinskiy**
Christopher A Flood   to: oz, a.skrzpczak                                03/30/2015 04:03 PM

Szanowny Panie Romanie Szymanowski,

Reprezentuję Alexandra Khochisnskiyego w sprawie o ekstradycję w Nowym Jorku. Próbowałem kontaktować się z Panem telefonicznie, ale jeśli Pan jest tak samo zajęty jak ja to jestem pewien, że kontakt w formie pisemnej będzie bardziej produktywny.

Obecnie sprzeciwiamy się ekstradycji Pana Khochinskiyego. Uważam jednak, że niniejszą sprawę można rozwiązać w sposób obopólnie korzystny. Z mojej perspektywy widzę, że strona polska jest głównie zainteresowana odzyskaniem obrazu. Pan Khochinskiy w dalszym ciągu jak najbardziej jest chętny przekazać obraz Polsce. Na przeszkodzie ku temu stoi prawo rosyjskie o dobrach kultury, które uniemożliwiłoby dokonanie przekazania obrazu bez zgody i godziwej zapłaty. Rozumiem, że stanowisko strony polskiej w tej sprawie jest takie, że prawo rosyjskie nie stosuje się w tym przypadku, ale to jest opinia strony polskiej a nie wiążąca decyzja strony rosyjskiej w tej sprawie. Z tego co rozumiem to przed wydaniem obrazu stronie polskiej, Ministerstwo Kultury Federacji Rosyjskiej musiałoby wydać zgodę na dokonanie takowej transakcji. Jeżeli on nie spełnił wymogów związanych z tym procesem to Panu Khochinskiyemu groziłaby odpowiedzialność karna w Rosji.

W tej sprawie jest parę rzeczy które interesują Pana Khochinskiyego i wszystkie są w zasadzie rozsądne. Pierwsza rzecz to w świetle prawa rosyjskiego jego tytuł prawny do obrazu nie jest czynem karnym i nie powinien podlegać ściganiu poprzez sąd. Oskarżenie w tej sprawie powinno być oddalone. Druga sprawa to wniosek o ekstradycję winien być wycofany. Trzecia sprawa to Pan Khochinskiy słusznie kwestionuje to jak rozporządzono majątkiem jego rodziny pod adresem ul. Grzunevaldskaya 128 w Przemyślu. Nigdy mu nie przekazano danych księgowych na temat pokonania praw majątkowych jego rodziny. Jest to dla niego ważna kwestia emocjonalna i kulturowa. Rozmiar strat poniesionych przez rodzinę – jego matka była jedyną z rodziny która przeżyła, ich wszystkie rzeczy zostały skradzione a dom rodzinny został przerobiony na coś innego – wydaje się bardzo duży w porównaniu z obrazem. Pan Khochinskiy zadał sobie trudu, żeby zwrócić na to uwagę gdy w swoim emailu z dnia 18 maja 2010 r. powiadomił władze polskie o istnieniu obrazu. Do tej pory ze strony władz polskich nie ma żadnej odpowiedzi na temat strat poniesionych przez jego rodzinę podczas wojny i po jej zakończeniu.

Strona rosyjska może także bronić swego prawa do obrazu i zgodnie

z postanowieniami w ustawie o dobrach kultury z 1998 roku mogła dokonać jego nacjonalizacji. Ta sprawa nie jest jasna. Sprawę można prowadzić dalej tylko wspólnie z Ministerstwem Kultury Rosji. Oczywiście, pewnie Pan rozumie, że wspólne działania władz polskich i Pana Khochinskiyego w celu przekonania Ministerstwa Kultury Rosji do wyrażenia zgody na wydanie obrazu byłoby niemożliwe gdy ma miejsce ściganie karne ze strony polskiej.

Jeżeli będziemy mogli współpracować ze sobą zamiast działać wzajemnie na swoją niekorzyść, równie dobrze moglibyśmy bardzo szybko doprowadzić do rozwiązania tej sprawy.

Z niecierpliwością oczekuję Pana odpowiedzi.

Z poważaniem,

Christopher A. Flood
(212) 417-8734
Assistant Federal Defender
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY  10007

Dear Mr. Roman Szymanowski,

I represent Alexander Khochinskiy in the extradition matter in New York. I have tried to reach you by telephone, but if you are as busy as I am, I am sure communicating in writing will be more productive.

As it stands, we are challenging Mr. Khochinskiy's extradition. I believe, however, that this matter can be resolved in a manner that is mutually satisfactory. From my perspective, Poland's primary interest is in obtaining the painting. Mr. Khochinskiy remains perfectly willing to transfer the painting to Poland. The impediment to this action is Russia's law on cultural property, which would prohibit the transfer without authorization and fair compensation. I do understand that the Polish position on this subject is that the Russian law would not apply, but that is the Polish opinion, not a binding Russian ruling on the subject. It is my understanding that the Russian Federation Ministry of Culture would have to authorize the transaction before the painting could be released to Poland. If he did not comply with this process, Mr. Khochinskiy would be exposed to criminal liability in Russia.

Mr. Khochinskiy has several interests here, all of which are fundamentally reasonable. First, his legal title to the painting under Russian law is not a criminal act, and should not be the subject of a criminal prosecution. The prosecution should be dismissed. Secondly, the extradition request should be withdrawn. Third, Mr. Khochinskiy rightfully questions the

disposition of his family's property at Gryunevaldskaya St. 128, in Przmysl. No accounting has ever been shared with him as to how his family's property rights were overcome. This an issue of great emotional and cultural importance to him. The scale of his family's losses - his mother was the sole surviving member of the family, all of their belongings were stolen, and the family home was converted - dwarf the issue of the painting. Mr. Khochinskiy took some pains to point this out when he brought the existence of the painting to the attention of the Polish authorities in his email of May 18, 2010. To date there has been no response whatsoever from the Polish authorities about his family's losses during and after the war.

Russia may also assert an interest in the painting, and under the terms of the 1998 law on cultural property may have nationalized it. This is not clear. The only way to proceed is in conjunction with the Russian Ministry of Culture. Of course, you must understand, any joint effort between the Polish authorities and Mr. Khochinskiy to persuade the Russian Ministry of Culture to authorize the release of the painting would be impossible in the shadow of a Polish criminal prosecution.

If we can work together, instead of against one another, we may very well be able to resolve this matter very quickly.

I look forward to hearing from you.

Sincerely,

Christopher A. Flood
(212) 417-8734
Assistant Federal Defender
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, NY 10007