# EXHIBIT W

COURT'S RULING

City of Moscow                                                                May 21, 2012

Preobrazhensky District Court of the City of Moscow, Federal Chief Judge Y. V. Isayeva presiding, secretary Z. M. Mishkhozheva, after conducting a hearing on the Petition to Search Residence,

HAS FOUND THE FOLLOWING:

On May 21, 2012 A. A. Borodin, Councilor of Justice and senior investigator for the 1st Department of the Investigative Unit of the Investigative Agency for the Department of Internal Affairs in the Eastern Administrative District of the Central Office of the Ministry of Internal Affairs of Russia for the City of Moscow [СЧ СУ УВД по ВАО ГУ МВД], presented to the Preobrazhensky District Court of the City of Moscow a Petition to Search a Residence, which was previously agreed upon with the Deputy Chief of the Investigative Agency of the Department of Internal Affairs in the Eastern Administrative District of the Ministry of Internal Affairs [СУ УВД по ВАО ГУ МВД] of Russia in the City of Moscow.

The Petition, presented by the investigator, states that on May 16, 2012 the Investigative Agency for the Department of Internal Affairs in the Eastern Administrative District of the Central Office of the of the Ministry of Internal Affairs [СУ УВД по ВАО ГУ МВД] of Russia for the City of Moscow, received a request to provide legal aid in criminal case #V Ds 51/11 from the law enforcement agencies of the Republic of Poland in accordance with the European Convention on Mutual Legal Assistance in Criminal Matters, dated April 20, 1959 [20.04.1959].

According to the documents presented to the Court within the scope of the investigation of case #V Ds 51/11, initiated by the Investigative Department of the District Prosecutor's Office of the City of Poznan', Republic of Poland, which is based on Article 291 of the Criminal Code of the Republic of Poland, it had been determined that the painting by Antoine Pesne "A Girl with a Dove", size 55 x 45 centimeters, was purchased on May 9, 1931 by the Velikopol'sky Museum for 3,000 zloty. The painting was entered into the museum catalog and the entry was made in the Acquisition Registry under number 60. After the beginning of the Second World War and the capture of the City of Poznan' by the German invaders, the museum's collection was cataloged by the Germans. In 1943 the most valuable part of the museum collection, including the painting "A Girl with a Dove" was taken first to the town of Kahla, and then to the heart of the Third Reich's territories. There, as a result of Soviet Army military operations, the collection, for the most part, was found by Red Army troops, taken by the Soviets, and brought to the territories of the Union of the Soviet Socialist Republics, where it was divided for distribution to various museums. As a result of actions taken after the end of the Second World War, a part of the lost collection was returned under the agreements of revendication in 1946 and in 1956. At the present time, a successor of Velikopol'sky Museum is the People's Museum of the City of Poznan'. The painting "A Girl with a Dove" has still not been returned because, due to

the unidentified circumstances, it ended up in the possession of a private individual. Most likely, the painting was stolen after the Soviet side received the collection, either while in Germany, or during transportation, or in the territory of the former Soviet Union. The painting is listed in Interpol's "List of Stolen Works of Art" as lost in 1943 under the number 2010/50630-1.1. It has been determined that, at the present time, the painting "A Girl with a Dove" is owned by the Russian citizen Alexander Yakovlevich Khochinsky. In the beginning of 2010, the owner of the painting conveyed via Internet to the Embassy of the Republic of Poland in Moscow that he has the above mentioned painting. Based on correspondence between Alexander Yakovlevich Khochinsky and the Embassy of the Republic of Poland in Moscow, a copy of which is attached to the Petition, he is interested in selling the painting to the Polish side and receiving compensation for allegedly lost land in the town of Przemyśl, the owners of which allegedly were his ancestors on his mother's side. However, he does not name the people who owned that land before the Second World War. Alexander Yakovlevich Khochinsky is not able to support the legal acquisition of the painting. In his letter, he insists that during the Second World War, the painting was brought to Tashkent by his father, who was badly wounded on the front.

In the opinion of the Polish prosecuting authorities, the version presented by Alexander Yakovlevich Khochinsky is highly unlikely and points, in their opinion, to the justification of the acquisition of this painting as a, so called, legal trophy. The behavior of the current owner of the painting is directed exclusively towards a sale, because after confirmation of the authenticity of the painting by the representative of the People's Museum in Poznan', the restitution request has never been answered.

The law enforcement agencies of the Republic of Poland have requested legal help in this criminal matter in order to return to the Polish side the painting "A Girl with a Dove" and to establish the detailed circumstances of the acquisition of this painting by Alexander Yakovlevich Khochinsky and to search the residence of A.Y. Khochinsky.

After the Court's review of this Petition, the request is denied and it is based on the following:

According to the Article 457 of the Criminal Procedure Code of the Russian Federation [УПК РФ], paragraphs 1, 2, the Court, the prosecutor, the investigator and the Head of the Investigative Department execute received, in the prescribed manner, requests for legal actions, submitted by the proper law enforcement agencies and the officials of foreign states in accordance with international treaties of the Russian Federation, international pacts or on the basis of the principals of reciprocity. A principle of reciprocity is honored by a written obligation from a foreign state to provide to the Russian Federation legal help in resolving certain legal matters received by the Supreme Court of the Russian Federation, the Investigative Committee of the Russian Federation, Ministry of Foreign Affairs of the Russian Federation, Ministry of Justice of the Russian Federation, Ministry of the Internal Affairs of the Russian Federation, Federal Security Service of the Russian Federation, Federal Anti-Drug and Anti-Psychotropic Substances Agency of the Russian Federation or General Prosecutor's Office of the Russian Federation. During the execution of a request, the rules of the current Code apply. Also, the laws of a foreign state might be applied in accordance with

International Treaties of the Russian Federation, International Pacts or on the basis of the principals of reciprocity if it does not contradict laws and international obligations of the Russian Federation.

In accordance with Article 29 of the Criminal Procedure Code of the Russian Federation [УПК РФ], paragraph 5, part 2, only the Court, during pre-trial proceedings and hearings, has the right to make decisions about a search in a residence. The information in this case which was presented to the Court for the examination shows that on November 1, 2011 [01.11.2011] the Head of the Legal Help Department of the Headquarters for the International Legal Partnership, in order to review the Petition of the District Prosecutor of the City of Poznan' of the Republic of Poland, was given instructions to investigate, based on Articles 144, 145 of the Criminal Procedure Code of the Russian Federation [УПК РФ], the unlawful removal of the painting from the Republic of Poland, UPK RF. Based on the results of the investigation by the detective from the Department of Criminal Investigation [ОУР] of the Ministry of Foreign Affairs of Russia on January 20, 2012 [20.01.2012] in the district of Arbat of the City of Moscow, the decision was not to initiate criminal proceedings.

There was no supporting evidence in the documents that were produced, nor was it presented to the Court during the hearing regarding the presence of the painting "A Girl with a Dove" as well as other objects, documents and valuables in Khochinsky's residence at ▮▮▮▮▮▮▮▮▮▮, Moscow, which would substantiate the opening of a criminal case.

Taking into consideration what is written above, the Petition of A. A. Borodin, Councilor of Justice and senior investigator for the 1st Department of the Investigative Unit of the Investigative Agency of the Department of Internal Affairs in the Eastern Administrative District of the Central Office of the of the Ministry of Internal Affairs of Russia for the City of Moscow [СЧ СУ УВД по ВАО ГУ МВД] to conduct a search in the residence is denied.

Based on the above and Articles 29, 165 and 457 of the Criminal Procedure Code of the Russian Federation [УПК РФ]

## HAS RULED:

The Petition of A. A. Borodin, Councilor of Justice and senior investigator for the 1st Department of the Investigative Unit of the Investigative Agency of the Department of Internal Affairs in the Eastern Administrative District of the Central Office of the of the Ministry of Internal Affairs of Russia for the City of Moscow [СЧ СУ УВД по ВАО ГУ МВД] to conduct a search in the residence at ▮▮▮▮▮▮▮▮▮▮, Moscow is denied.

This decision can be appealed to the Moscow City Court within 10 days of the rendering of this decision.

Judge            signed            Y.V. Isayeva

## ПОСТАНОВЛЕНИЕ

г. Москва

21 мая 2012 года

Преображенский районный суд г. Москвы в составе председательствующего федерального судьи Исаевой Я.В., при секретаре Мишхожевой З.М., рассмотрев в судебном заседании постановление о возбуждении перед судом ходатайства о производстве обыска в жилище

### УСТАНОВИЛ:

21 мая 2012 года старший следователь 1-го отдела СЧ СУ УВД по ВАО ГУ МВД России по г. Москве капитан юстиции Бородин А.А. обратился в Преображенский районный суд г. Москвы с постановлением о возбуждении ходатайства о производстве обыска в жилище, согласованным с зам.начальника СУ УВД по ВАО ГУ МВД России по г. Москве.

Из постановления следователя следует, что 16 мая 2012 года в СУ УВД по ВАО ГУ МВД России по г. Москве, в соответствии с Европейской конвенцией о взаимной правовой помощи по уголовным дела от 20.04.1959, поступило ходатайство об оказании правовой помощи по уголовному делу № V Ds 51/11, направленное компетентными органами Республики Польша.

Согласно материалам, представленным в суд, в рамках расследования уголовного дела № V Ds 51/11, возбужденного следственным отделом окружной прокуратуры г. Познань Респ. Польша по статье 291 параграф 1 Уголовного кодекса Республики Польша установлено, что картина Антуан Песне «Девушка с голубем» размером 55 х 45 сантиметров была куплена 9 мая 1931 года Велькопольским музеем за сумму 3 000 злотых. Картина была внесена в каталог фондов музея и внесена в Книгу приобретений под номером 60. После начала II Мировой Войны и захвата города Познань немецкими оккупантами, коллекция музея была каталогизирована немцами. В 1943 году самая ценная часть коллекции музея, в том числе картина «Девушка с голубем», была вывезена в начале в город Кахла, затем в глубину территории Третьего рейха. Там в результате операций советских войск коллекция в значительной части была найдена подразделениями Красной Армии, принята советской стороной и вывезена на территорию Союза Социалистических Советских Республик, где была разделена для разных музеев. В результате предпринятых действий после окончания Мировой Войны в 1946 и 1956 году часть утерянной коллекции была возвращена в рамках ревиндикации. Правопреемником Велькопольского музея является в настоящее время Народный музей в г. Познань. Картина «Девушка с голубем» не была получена, потому что по не установленным причинам она попала в руки частного лица. Вероятнее всего картина была украдена после принятия коллекции советской стороной, либо на территории Германии, либо во время транспортировки, либо на территории бывшего Советского Союза. Картина внесена в список Интерпола базу Stolen Works of Art, как утерянная в 1943 году под номером 2010/50630-1.1. Установлено, что в настоящее время картина «Девушка с голубем» находится в руках российского гражданина Александра Яковлевича Хочинского. В начале 2010 года владелец картины посредством интернета передал Посольству Республики Польша в Москве информацию, что он располагает указанной выше картиной. Из корреспонденции Александра Яковлевича Хочинского с Посольством Республики Польша в Москве, копия которой является приложением к ходатайству, следует, что он заинтересован продажей картины польской стороне и получением финансового возмещения за якобы утерянный участок в г. Пжемысль, владельцами которого якобы были его предки со стороны матери. Одновременно он не указывает конкретных лиц, которые были владельцами участка перед Второй Мировой Войной. Александр Яковлевич Хочинский не в состоянии подтвердить легальное происхождение картины. В своём письме он утверждает, что во время II Мировой Войны картину привёз в Ташкент его тяжко раненный на фронте отец.

По мнению польских органов преследования, представленная Александром Яковлевичем Хочинским версия приобретения картины «Девушка с голубем» является в высокой степени невероятной и целенаправленна на оправдание, таким образом, по его мнению, легального происхождения картины как так называемого трофейного имущества. Поведение нынешнего владельца картины направлено исключительно на его продажу, так как направленное к нему после подтверждения работником Народного музея в Познани подлинности картины, заявление о реституции, остаётся без ответа.

Компетентные органы Республики Польша обратились с ходатайством об оказании правовой помощи по уголовному делу с целью обратного получения польской стороной картины «Девушка с голубем» и установления подробных обстоятельств приобретения этой картины Александром Яковлевичем Хочинским, о проведении обыска по месту жительства Хочинского А.Я.

Суд, рассмотрев указанное ходатайство, находит данное ходатайство не подлежащим удовлетворению, по следующим основаниям.

Согласно ч 1, 2 ст. 457 УПК РФ, суд, прокурор, следователь, руководитель следственного органа исполняют переданные им в установленном порядке запросы о производстве процессуальных действий, поступившие от соответствующих компетентных органов и должностных лиц иностранных государств, в соответствии с международными договорами Российской Федерации, международными соглашениями или на основе принципа взаимности. Принцип взаимности подтверждается письменным обязательством иностранного государства оказать Российской Федерации правовую помощь в производстве отдельных процессуальных действий, полученным Верховным Судом Российской Федерации, Следственным комитетом Российской Федерации, Министерством иностранных дел Российской Федерации, Министерством юстиции Российской Федерации, Министерством внутренних дел Российской Федерации, Федеральной службой безопасности Российской Федерации, Федеральной службой Российской Федерации по контролю за оборотом наркотических средств и психотропных веществ или Генеральной прокуратурой Российской Федерации. При исполнении запроса применяются нормы настоящего Кодекса, однако могут быть применены процессуальные нормы законодательства иностранного государства в соответствии с международными договорами Российской Федерации, международными соглашениями или на основе принципа взаимности, если это не противоречит законодательству и международным обязательствам Российской Федерации.

В соответствии с п. 5 ч. 2 ст. 29 УПК РФ, только суд, в том числе в ходе досудебного производства, правомочен принимать решения о производстве обыска в жилище.

Из материалов дела, представленных суду усматривается, что 01.11.2011 начальником управления правовой помощи Главного управления международно-правового сотрудничества для организации рассмотрения ходатайства Окружной прокуратуры г. Познань Республики Польша даны указания о проведении по факту незаконного вывоза из Республики Польша картины проверки в порядке ст.ст. 144-145 УПК РФ. По результатам проверки 20.01.2012 оперуполномоченным ОУР Отдела МВД России по району Арбат г. Москвы вынесено постановление об отказе в возбуждении уголовного дела.

Объективных данных о возможном нахождении по месту жительства Хочинского, по адресу: г. Москва, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ картины «Девушка с голубем», а также иных предметов, документов и ценностей, которые могут иметь значение для уголовного дела в материалах дела не содержится и не представлено таковых в судебное заседание.

Учитывая, вышеизложенное, ходатайство старшего следователя 1-го отдела СЧ СУ УВД по ВАО ГУ МВД России по г. Москве капитана юстиции Бородина А.А. о проведении обыска в жилище, удовлетворению не подлежит.

На основании изложенного и руководствуясь ст. ст. 29, 165, 457 УПК РФ,

ПОСТАНОВИЛ:

Ходатайство старшего следователя 1-го отдела СЧ СУ УВД по ВАО ГУ МВД России по г. Москве капитана юстиции Бородина А.А. о проведении обыска в жилище по адресу: г. Москва, ул. ▮▮▮▮▮▮▮▮▮▮ – оставить без удовлетворения.

Настоящее постановление может быть обжаловано в кассационном порядке в Московский городской суд в течение 10 суток со дня его вынесения.

Судья                                                          Я.В. Исаева

# EXHIBIT X

Form 311

# CERTIFICATE

## OF THE RIGHT TO INHERITANCE ACCORDING TO THE LAST WILL AND TESTAMENT

Leningrad, _Saint Petersburg_ _June Fifteenth_

one thousand nine hundred _ninety two_

I, _V.M. Kustova_

State Notary of _First_ State Notary Bureau of Saint Petersburg
of Leningrad, certify, that based on the Last Will and Testament, notarized by the

_Eighteenth State Notary Bureau of Leningrad_ on December 25, 19 90 and

registered in the Registry under #6115-IK, the inheritor of the property indicated in the

Last Will and Testament of the citizen

_Khochinsky, Jakov Solomonovich_

who died on _December 11, 19 91_ is

_son – Khochinsky, Alexander Yakovlevich, residing in Saint Petersburg, at #10, Novzorova Street, apt.#24_

The inherited property, which is described in this Certificate, consists of

_two room apartment #25 with gross area of 56.7 (fifty six point seven) square meters, of which 31.2 (thirty one point two) square meters are the living area and which is located on the fifth floor of modular structure #152 Bucharestskaya Street, building #2 in the City of Saint Petersburg, which the testator owned by the right of personal ownership and which is confirmed by Certificate #01/41, issued on December 23, 1991 by the Board of Residential_

_____ _Cooperative #1174 of the City of Saint Petersburg._ --------------
_____ _Net value of the apartment is 10,463 (ten thousand four hundred and_
_____ _sixty three) rubles and 06 kopecks._ -----------------------
_____ _The value of the testator's shares of the apartment on the day of his death_
_____ _was 9,913 (nine thousand nine_
_____ _hundred and thirteen) rubles and 75 kopecks._ -------------------
_____ _Note: This Certificate must be registered at the_ [illegible]

Registered in the Registry under _#H-1862_

Collected State fee____ _100 rubles as per Sberbank's receipt_

_____ _# 11343/91_

Seal:                                              State Notary_____ _signed_

Emblem of the RSFSR

Ministry of Justice of the RSFSR

First State Notary Bureau of the City of Leningrad

[illegible], order #500, quantity 30,000   1.2.91

# СВИДЕТЕЛЬСТВО
## о праве на наследство по завещанию

Ленинград. Санкт-Петербург _____ Пятнадцатого июня

тысяча девятьсот __девяносто второго__

Я, __Кустова В.М.__

государственный нотариус __Первой__ государственной нотариальной конторы
Ленинграда, удостоверяю, что на основании завещания, удостоверенного Восемнадцатой государственной нотариальной конторой Ленинграда __25__ . __декабря__ 19__90__ года и зарегистрированного в реестре под № __6115-1К__ наследником указанного в завещании имущества гр-на
__Хочинского Якова Соломоновича__

умершего __11__ . __декабря__ 19__91__ года, является:

сын - Хочинский Александр Яковлевич, проживающий в Санкт-
Петербурге, улица Новзоровой, дом 10, кв.24

Наследственное имущество, на которое выдано настоящее свидетельство, состоит из
двухкомнатной квартиры № 25, полезной площадью 56,7
(пятьдесят шесть целых семь десятых) кв.м, в том числе жилой
площадью 31,2 (тридцать одна целая две десятых) кв.м, рас-
положенной на пятом этаже панельного дома № 152, корпус 2,
по улице Бухарестской в городе Санкт-Петербурге, принад-
лежность которой наследодателю по праву личной собственности
подтверждается Справкой № 01/41, выданной 23.12.91
Правлением жилищно-строительного кооператива № 1174 города
Санкт-Петербурга.

Балансовая стоимость квартиры составляет 10463 (десять
тысяч четыреста шестьдесят три) руб.05 коп.

Сумма пая по квартире на день смерти наследодателя
составляет 9913 (девять тысяч девятьсот тринадцать) руб.75 к.

Примечание: _____

Зарегистрировано в реестре за № __Н-1862__
Взыскано государственной пошлины ___ рублей по квитанции Сбербанка

Дело № __1343/91__

Государственный нотариус _[signature]_

# EXHIBIT Y

## MARRIAGE CERTIFICATE [also in Ukrainian]*

Citizen [male] [also in Ukrainian] _____ *Khochinsky* _____
last name [also in Ukrainian]
_____ *Yevgeny Yakovlev.* [patronymic name abbreviated] _____
name and patronymic name [also in Ukrainian]
year of birth [also in Ukrainian] _____ *1946* _____
_____ *Leningrad* _____
place of birth [also in Ukrainian]
nationality [also in Ukrainian] _____ *Jew* _____
and citizen [female] [also in Ukrainian] _____ *Matros* _____
last name [also in Ukrainian]
_____ *Bella Borisovna* _____
name and patronymic name [also in Ukrainian]
year of birth [also in Ukrainian] _____ *1951* _____
_____ *City of Uman'* _____
place of birth [also in Ukrainian]
_____ *Cherkasskaya Oblast'* _____
nationality [also in Ukrainian] _____ *Jew* _____
married on [also in Ukrainian] _____ *July 8, 1972* _____
in words and in numbers: year, month, date [also in Ukrainian]
_____ *one thousand nine hundred and seventy two* _____
in words and in numbers: year, month, date [also in Ukrainian]
_____ *July eight* _____
After the marriage registration, the family name becomes [also in Ukrainian]:
husband's [also in Ukrainian] *Khochinsky* _____
wife's [also in Ukrainian] *Khochinskaya* _____

this information was recorded under [also in Ukrainian] _____ *#326* _____
in the Registry of Marriages of the Bureau of Vital Statistics [also in Ukrainian]
year of [also in Ukrainian]  19 __*72*__  month of [also in Ukrainian] _____ *July* _____
day of [also in Ukrainian] _____ *8* _____

Page 1 of 2

*By translator: the Certificate template was printed in Ukrainian and Russian
Words in brackets [...] are translator's comments

Place of Registration [also in Ukrainian] _____ *City of Uman'* _____
 name and location of the Bureau of Vital Statistics [also in Ukrainian]
_____ *the City Office of the Bureau of Vital Statistics* _____
_____ *Cherkasskaya Oblast'* _____

Date of Issue [also in Ukrainian]_____ *July 8* _____ 19___ *72* _____

        Stamp:
        Passport issued:
        serial $\#vH$ [illegible]  #548353
        3/08/1972 [August 8, 1972]

        1-AB #386386

Place for stamp
Stamp [illegible]

*Director of the Bureau of Vital Statistics*       *signed*
[also in Ukrainian]

*By translator: the Certificate template was printed in Ukrainian and Russian
 Words in brackets [...] are translator's comments



# EXHIBIT Z

## BOGHEMA, LLC

EIN 7733159323

31/32 Novyi Arbat Street, Moscow 121019

Tel.: 205-6471; Tel/Fax: 205-6497, 205-6710;  Email: faberge@narod.ru

CONSIGNMENT AGREEMENT #18

June 25, 2003

      Boghema, LLC, represented by General Director Yulia Vladimirovna Tsiglitskaya, acting with full authority under the Statute, and henceforth referred to as Consignee, and Alexander Yakovlevich Khochinsky, residing in the City of Moscow at ▮ ▮ passport ▮ issued by the Department of Internal Affairs "Sokolinaya Gora" of the City of Moscow on May 10, 2001, Department code 772-031, tel. 504-8125, henceforth referred to as Consignor, entered, in accordance with the current legislation and Consignment Trade Rules of Non-Grocery Products approved by the Decree #569 from June 6, 1998 of the Government of the Russian Federation (RF), by Rule #99 from December 7, 1994 of the Trade Committee of the Russian Federation (RF) and by the Rules of Sales of Selected Products approved by Decree #55 from January 19, 1998 of the Government of the Russian Federation (RF), into Agreement which states that Consignor had delivered and Consignee had received the items to be sold as retail, provided that the compensation will be made in a form of commission:

| # | Item description | Price to be sold at | Sale date | Return Date |
|---|---|---|---|---|
| 1 | Painting by Antoine Pesne "Girl with Goldfinch" | 210,000 rubles | _____ | January 18, 2010 (18.01.2010) |

                                                  Stamp: "Boghema"
                                                  Moscow
                                                  Limited Liability Company
                                                  [Illegible]

Consignor guarantees his exclusive right of ownership of this item and that this item is not collateralized and is free from any liens. Consignor guarantees that the item is genuine and the information provided in the item's description is accurate. Consignor authorizes the Consignee to, if necessary, conduct an examination of this item by experts in Moscow or any other city in order to confirm the authenticity of the item. The results of the examination can be presented either in writing or verbally. The cost of the

examination is the responsibility of the Consignee. In the case that the Consignor voids this Contract by refusing to sell the item, then he is responsible for the reimbursement of Consignee's expenses in full. In the case that the Consignee sells this item, Consignor is not responsible for those expenses. The sale price is established by the store as it sees fit and is based on current demand and market conditions. The money will be paid in full five days after the sale takes place. A discount for items presented for sale could be considered if there is an agreement with Consignor. A fee for the storage of the item can be charged only if it is indicated in writing and agreed upon by Consignor. The item can be withdrawn from sale based on the decision of either side. In the case that the item is withdrawn from sale by the Consignee, this information must be related to Consignor by phone or by any other means and Consignor must pick up the item within five days. If the Consignor does not pick the item within that period of time, then Consignor will have to pay for the storage of the item that was withdrawn from sale at the rate of 3% (three percent) of its listed price, indicated in this Agreement, for each full and partial month of storage. The pickup of the item has to be scheduled in advance by making a request over the phone by calling the number indicated on the receipt. The item can be picked up on the day following the request. Inquiries about items sold can be made over the phone. There are two copies of this Agreement. Each copy is a valid legal document and each side received a copy.

Receiver __signed__ (signature)

The item has been presented for sale in accordance with the conditions indicated in this receipt, which I had agreed to.

Consignor _____ signed _____ (signature)

Stamp: "Boghema"
Moscow
Limited Liability Company
OGRN 0377 010114

ООО «БОГЕМА»
ИНН 7733159323
121019, г. Москва, ул. Новый Арбат, д.31/12
Тел.: 205-6471 Тел/факс: 205-6497, 205-6710 E-mail: faberge@narod.ru

## ДОГОВОР КОМИССИИ № 18

«25» июня 2003 г.

ООО «БОГЕМА» в лице Генерального директора Циглицкой Юлии Владимировны, действующей на основании Устава, именуемая в дальнейшем «Комиссионер», и Хочинского Александра Яковлевича, проживающий по адресу город Москва, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, имеющий паспорт ▓▓▓ ▓▓▓▓▓▓, выданный ОВД «Соколиная гора» г. Москвы 05.10.2001 г. код под. 772-031 тел. 504-8125 именуемый в дальнейшем «Комитент», заключили в соответствии с действующим законодательством и Правилами комиссионной торговли непродовольственными товарами, утвержденными Постановлением Правительства РФ 06.06.1998 №569, Инструкцией Комитета по торговле РФ от 07.12.1994 г. №99 и Правилами продажи отдельных видов товаров, утвержденными постановлением правительства РФ от 19.01.1998 г. №55, настоящий договор о том, что Комитент сдал, а Комиссионер принял для последующей розничной продажи за комиссионное вознаграждение следующие товары:

| № п/п | Наименование товара | Цена приемки | Дата продажи | Дата возврата |
|---|---|---|---|---|
| 1. | Картина Антуана Пэна «Девочка со щеглом», холст, масло, 56.3 x 45.7 см, подпись и дата | 210 000 руб. | | 18.01.2010 |

Комитент гарантирует свое исключительное право собственности на данный товар и то, что товар не заложен, не находится под арестом. Комитент гарантирует подлинность товара и сведения, указанные в описании товара. Комитент уполномочивает Комиссионера провести в случае необходимости в Московских или иногородних экспертных учреждениях экспертизы данного товара для установления подлинности товара, с получением письменных или устных экспертиз. Оплата расходов, связанных с получением данных экспертиз, лежит на Комиссионере. В случае, если Комитент расторгнет данный договор, отказавшись от продажи данного товара, он должен возместить расходы Комиссионера в полном объеме. В случае продажи данного товара Комиссионером, данные расходы с Комитента не взимаются. Продажная цена устанавливается магазином по своему усмотрению, исходя из текущего спроса и коньюктуры. Деньги выплачиваются через пять дней после реализации. Уценка сданных на комиссию предметов может быть произведена по договоренности с комитентом. За хранение выставленной вещи сумма взимается только, если имеется специальная отметка (запись), согласованная с комитентом. Товар может быть снят с продажи по решению одной из сторон. В случае снятия товара по решению Комиссионера Комитент должен быть извещен об этом по телефону или другим образом и обязан забрать товар в течение пяти дней. В случае если снятый с продажи товар Комитент не заберет в этот срок, то он обязан оплатить хранение снятого с продажи товара в размере 3 % (три процента) от его цены, указанной в настоящем договоре, за каждый полный и неполный месяц хранения. Предмет должен быть заказан на возврат заранее по телефону, указанному на квитанции, получить его можно на следующий день после заказа. Справки о проданных предметах можно получить по телефону. Настоящий договор составлен в двух экземплярах, имеющих одинаковую юридическую силу, по одному экземпляру для каждой из сторон.

ПРИЕМЩИК _____ (подпись)

Вещь для продажи сдал на условиях, указанных в настоящей квитанции, с которыми согласен:

КОМИТЕНТ _____ (подпись)