UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------

IN THE MATTER OF THE          :        15 Mag. 847 (JSR)
EXTRADITION OF                :        15 Crim. Misc. 1 Page 207 (JSR)
ALEXANDER KHOCHINSKY          :
                              :        OPINION AND ORDER
-------------------------------x

JED S. RAKOFF, U.S.D.J.

In response to a request from the Government of the Republic of Poland ("Poland"), the United States (the "Government") has petitioned the Court for a certification that Alexander Khochinsky is extraditable pursuant to the U.S.-Poland Extradition Treaty, T.I.A.S. No. 99-917, signed in Washington, DC on July 10, 1996 and entered into force on September 17, 1999 (the "Treaty"). The charge levied against Khochinsky concerns a 1754 painting by the French rococo master Antoine Pesne titled "Girl with Dove" (the "Painting"), which was looted from a Polish museum by the Nazis during World War II and then removed to the Soviet Union by the Red Army following the Allied victory. Poland accuses Khochinsky, a Russian citizen and art dealer residing in New York, of unlawfully acquiring "Girl with Dove" knowing that it was stolen property.

On February 25, 2015, the Government filed a Complaint in this Court seeking Khochinsky's extradition. See Complaint dated February 25, 2015, ECF No. 1 ("Extradition Complaint"). On April 2, 2015, Khochinsky moved to dismiss the Extradition Complaint, raising a variety of arguments, including that "Girl with Dove" was not stolen property because it was expropriated by the Soviet Union in 1945

1

pursuant to a valid Act of State, and that Khochinsky acquired good title to the Painting via the Russian law of adverse possession. On May 18, 2015, the Court held oral argument on Khochinsky's motion to dismiss but, finding that the motion raised factual questions not appropriately resolved at that stage, deferred decision on Khochinsky's motion until after the extradition hearing. Accordingly, on June 17, 2015, the Court held an evidentiary hearing pursuant to 18 U.S.C. § 3184.

At the hearing, the Government, on behalf of Poland, submitted evidence of the following. According to the statement of Krzysztof Grześkowiak, District Prosecutor of Poznań, the Wielkopolskie Museum in Poznań purchased "Girl with Dove" for 3,000 zlotys in 1931. See Request for Provisional Arrest and Extradition dated June 11, 2013, Government's Exhibit ("GX") 1 ("Extradition Request"), at 3. During World War II, the Nazis removed the most valuable works in the Wielkopolskie Museum's collection, taking them deep into the territory of the Third Reich. Id. As the war drew to a close, Red Army detachments found them and brought them back to the Soviet Union, where they were allocated to individual museums. Id.

In the years following World War II, some of the lost collections were recovered and returned to the Wielkopolskie Museum's successor, the National Museum in Poznań. Id. However, the location of "Girl with Dove" remained unknown. Id. The Extradition Request states that the "canvas was probably stolen after the collections were seized by the Soviet party – either still in the

2

territory of the then Germany or during transport, or in the territory of the former Soviet Union." Id. The painting was listed as lost in Interpol's Stolen Works of Art database under the reference number 2010/50630-1.1.[1] Id.

In the meantime, however, it appears undisputed that the Painting was being openly exhibited at Khochinsky's art gallery in Moscow, known as "Bohema," as well as being advertised in the gallery's catalogs. See Transcript dated June 17, 2015 ("Tr.") at 29:1-7, 33:16-24, 48:13-51:6; Defendant's Exhibits ("DX") E, F, K, L. On May 18, 2010, Khochinsky emailed the Polish Embassy in Moscow. See Email from Alexander Khochinsky dated May 18, 2010, GX 4. In his email, Khochinsky stated that he had been thinking about "replacement restitution." Id. He explained that his mother was a Polish Jew who was forced to flee the country during World War II. Id. She made her way to Tashkent and began working at a military hospital, where she met Khochinsky's father, a Soviet soldier who had been severely wounded at the front. Id. Khochinsky stated that, about ten years prior, he had visited his mother's home town in Poland and discovered that a Roman Catholic Cathedral had been built on the lot where his mother's house once stood. Id.

Khochinsky then turned to the subject of the Painting, stating that some time ago, he was having lunch in a Parisian restaurant

---

[1] It appears that "Girl with Dove" was listed in that database only as of November 9, 2010, after Khochinsky's initial contact with the Polish authorities. See Memorandum in Support of Motion to Dismiss dated April 2, 2015, Ex. K.

3

with an employee of an organization called Artloss, which searches for missing artwork, who gave him some publications listing stolen paintings, among which he discovered a painting that he had in his collection titled "Girl with Goldfinch (or Dove)." Id. Khochinsky then continued:

> I THOUGHT ONCE THAT IS NOT A PROBLEM FOR CHOCZINSKI [i.e., Khochinsky] TO SUGGEST TO THE POLISH PRESIDENT KACZYNSKI, TO THINK ABOUT EXCHANGE BY WAY OF REPLACEMENT RESTITUTION OF THE PAINTING, TO WHICH ACCORDING TO LAW POLAND PRETENDS, TO THE CASH COMPENSATION FOR A PARCEL WHICH LEGALLY BELONGED TO MY FAMILY, AND ON WHICH NOW A CHURCH IS CONSTRUCTED, PREVENTING ME FROM REQUESTING THE RETURN OF THIS LAND LOT.

Id. Khochinsky attached a photograph of himself with the Painting. See Supplementary Information to the Request for Provisional Arrest and Extradition dated October 1, 2013, GX 3.

On May 20, 2010, a representative from the Polish Embassy responded that "the Ministry of Culture and National Heritage of the Republic of Poland intends to negotiate with you about the acquisition of the painting that is in your collection," but wished to have it examined by a Polish expert first. Email from Małgorzata Szniak, Embassy Counsel, dated May 20, 2015, GX 4.[2] On July 22, 2010, with Khochinsky's consent, Maciej Michałowski, a curator from the National Museum in Poznań, examined the Painting at Bohema (Khochinsky's gallery in Moscow) and issued an opinion on August 30,

---

[2] Poland later claimed that Szniak had not been authorized to negotiate for the return of the Painting. Supplementary Information to Request for Temporary Detention and Extradition dated March 20, 2015, GX 5.

4

2010 confirming its authenticity. <u>See</u> Additional Information on the Request for Provisional Arrest and Extradition dated March 5, 2015, GX 4; GX 1 at 4. During that visit, an unidentified gallery employee told Michałowski that the painting was purchased at "the auction in the West." GX 4.

On September 24, 2010, Khochinsky, apparently not having been informed of Michałowski's conclusion, again emailed the Polish authorities, asking for "information about the conclusions reached by your Polish experts." Email from Alexander Khochinsky dated September 24, 2010, GX 4. He inquired whether Poland intended to purchase the Painting, alluding to "two potential customers" who were waiting for a response. <u>Id.</u> In the meantime, he stated, he "forwarded the painting for storage to a secluded location." <u>Id.</u> On September 29, 2010, a representative of the Polish Embassy responded, informing Khochinsky that "the representatives of the Ministry of Culture are currently preparing the documents necessary to come to Moscow," and promising to inform him "of all the details after receiving them from Warsaw." Email from Adam Sadownik dated September 29, 2010, GX 4.

On October 9, 2010, Jacek Miler, Director of the Cultural Heritage Department of the Polish Ministry of Culture and National Heritage wrote a letter to Khochinsky informing him that Michałowski had confirmed that the Painting in Khochinsky's possession was identical to that lost by the Wielkopolskie Museum during World War II, and asking him to "provide information on the circumstances in

5

which [he] purchased the painting" and to "present documentation confirming [his] ownership rights." Letter from Jacek Miler dated October 9, 2010, GX 5.

Khochinsky responded that "Girl with Dove" had been in his family for many years, and that his father (who had served in the Red Army in World War II) had told him that the Soviets had found it in a house occupied by German soldiers. Email from Alexander Khochinsky dated October 24, 2010, GX 4. According to Khochinsky, the Soviet Army considered such works "spoils of war" and therefore brought them back to the Soviet Union. Id. Khochinsky then cited various provisions of Russian law that he claimed supported his claim to the Painting, including those pertaining to acquisition of title to assets whose owner is unknown, acquisitive prescription (i.e., adverse possession), and the Russian law on cultural valuables, Article 43 of the Federal Law No. 127-FZ dated April 15, 1993. Id. Regarding the latter, Khochinsky explained his view that, because the Painting was taken from an area under German occupation, its removal constituted "compensatory restitution" for the damage that Germany caused the Soviet Union during the war, and that the Painting was therefore property of the Russian Federation. Id.

On February 28, 2011, the Polish Ministry of Culture and National Heritage sent Khochinsky a formal restitution request demanding the return of the Painting. Letter from Jacek Miler dated February 28, 2011, GX 5; GX 1, at 3. The restitution request explained Poland's view that "compensatory restitution" could not

6

apply to cultural assets of occupied states that were plundered by the Nazis and their allies. Id. Khochinsky did not respond. Id. Poland then issued a request for international legal assistance in criminal matters to the Russian Federation, asking the Russian authorities to seize the Painting and to interview Khochinsky. Id. at 4. The Russian authorities were unable to carry out the latter request because Khochinsky was not in the country. Id. On May 21, 2012, a Moscow court rejected the Russian authorities' request for a warrant to search Khochinsky's personal dwelling. GX 1, at 4. However, on June 19, 2012, Russian law enforcement searched Bohema for the purpose of seizing "Girl with Dove," but did not find the Painting. Id. The Russian authorities interviewed Yelizaveta Tairova and Evgeny Verenitsov, who indicated that the Painting had been present in the Bohema showroom for a short time but that it had not been put up for sale, and that it was taken away shortly after it was inspected by an expert from Poland.[3] Id. The witnesses were unaware of the Painting's present location. Id.

On November 21, 2012, Judge Marta Zaidlewicz of the Regional Court of Poznań issued a warrant for Khochinsky's provisional arrest. See Decision of the Regional Court of Poznań dated November 21, 2012, GX 1, at 7 ("Decision"). The Decision states that Khochinsky was suspected of:

---

[3] Another document submitted by Poland suggests that the Tairova interview took place on December 15, 2011. Supplementary Information to the Request for Provisional Arrest and Extradition dated October 1, 2013, GX 3. The reason for the discrepancy is unclear.

7

> before May 18, 2010 at an undisclosed location, knowing that a thing had been obtained by means of a prohibited act, he acquired a painting by Antoine Pesne, "Girl with a Dove" of 1754 … constituting good of particular importance to culture, and at the same time property of considerable value exceeding PLN 200 000 to the detriment of the Wielkpolskie Museum, currently the National Museum in Poznań.
>
> **that is an offense under article 291 paragraph 1 of the Criminal Code in connection with article 294 paragraph 1 and 2 of the Criminal Code in connection with article 11 paragraph 2 of the Criminal Code.**

Id. Article 291 paragraph 1 of the Polish Criminal Code provides:

> Any person who purchases or helps to sell or accepts or helps to conceal a thing that has been gained through a prohibited act is liable to a penalty of imprisonment not shorter than 3 months and not longer than 5 years.

Id. at 14. Article 294 paragraphs 1 and 2, in turn, provide that, where the property in question is of "substantial value" or "particular importance for culture," the defendant is subject to imprisonment for a period of one to ten years. Id. Article 11 paragraph 2 provides that, "[i]f a prohibited act exhausts the attributes determined in two or more regulations of the penal law, then the court shall sentence for one prohibited act on the basis of all the concurring regulations." Id.

Judge Zaidlewicz's decision further contained a "Statement of Reasons." Id. at 8. In that portion of the decision, Judge Zaidlewicz found that there was a "high likelihood that the suspect unlawfully acquired the painting 'Girl with a Dove' and currently is willfully concealing the painting without intending to return it to the rightful owner." Id. Judge Zaidlewicz further found that Khochinsky was "currently staying in the United States of America"

8

and that it was "also highly likely that he is traveling European countries in connection with his art-collecting and art-dealing activity." Id. Accordingly, she explained that "[i]n the assessment of this Court, apprehension of the suspect and his participation in procedural actions can be ensured only by an isolating preventive measure." Id.

On January 25, 2013, the District Prosecutor's Office in Poznań issued a Wanted Person Notice for Khochinsky to be distributed to Police units and published on the Internet. See Wanted Person Notice dated January 25, 2013, GX 1, at 12-13 ("Wanted Person Notice"). On October 12, 2013, the Prosecutor further issued a decision to present charges against Khochinsky for violation of Article 294 of the Criminal Code. See Supplementary Information to a Request for Provisional Arrest and Extradition dated October 16, 2014, GX 2.

At the extradition hearing, Khochinsky took the stand and also offered the testimony of his two nephews, Mikhail and Vladimir Khochinsky, who testified via video link from Russia, and two experts in foreign law and legal history, Professor David Crowe of Elon University Law School and Jonathan Bush.

Khochinsky testified that he inherited "Girl with Dove" from his father in 1991, along with his father's apartment and its contents. Tr. 28:13-23, 30:8. At that time, he did not know that Poland was looking for it. Tr. 30:9-12. He understood that his father had acquired the Painting after the end of World War II, and before that it had been in Germany. Tr. 30:17-20. When Khochinsky

9

moved from Leningrad to Moscow, he opened his art gallery, Bohema, where he displayed "Girl with Dove" from approximately 2003 to 2010. Tr. 29:1-7. He removed the Painting to a warehouse near Moscow after beginning discussions with Poland. Tr. 29:18-24.

Khochinsky testified that he first learned that Poland was looking for "Girl with Dove" in 2010. Tr. 33:7-11. In March 2010, he met a person at an exhibition in the Netherlands (not a restaurant in Paris) who worked in the field of art loss. Tr. 44:14-25. Khochinsky showed that person several catalogs of Bohema's collection, including "Girl with Dove." Tr. 33:16-24; DX K, L. The person told him that the Painting was wanted by Poland. Tr. 34:2-3. Khochinsky testified that, several years before, he had visited his mother's hometown in Poland and found that a church had been built on his family's property. Tr. 41:6-22. He believed that Poland had never paid any compensation for property that was lost during the war. Tr. 42:3-9. Accordingly, when he realized that he had something that the Polish Government wanted, he decided to "exploit[] the situation" to "bring attention to that issue." Tr. 42:15-17.

Khochinsky further testified that there are many copies of "Girl with Dove" on the market and that he has serious doubts that the painting sought by Poland is the same as the one in his possession. Tr. 34:10-35:19. He claimed that he had such doubts at the time he first contacted the Polish Embassy, even though his email message represents that his Painting is the one Poland was

10

looking for and offers to exchange the Painting for compensation for his family's land in Poland. Tr. 35:20-39:17.[4]

Mikhail and Vladimir Khochinsky testified that they recalled seeing "Girl with Dove" hanging on the wall at the apartment of their grandparents (Alexander Khochinsky's parents) in Leningrad as young children, over thirty years ago. Tr. 15:5-18, 22:17-23:17. They both further testified that they understood that their uncle inherited the Painting along with the apartment and its furnishings when their grandparents passed away in approximately 1991. Tr. 17:4-14, 24:9-18. Neither man had any understanding of the circumstances under which their grandparents acquired the Painting. Tr. 20:20-22, 26:22-27:2.

Finally, the two expert witnesses, Professor Crowe and Mr. Bush, testified regarding the history of post-War Europe, Soviet attitudes towards trophy art, the law of reparations and restitution, and the like. However, neither expert had any specific knowledge regarding "Girl with Dove," and thus neither was able to specifically apply their general legal and historical knowledge to the facts of this case.

Against this background, the Court turns to the question of whether the Government has met its burden to prove that Khochinsky is extraditable. "In the United States, extradition is governed by

---

[4] Whether the seeming inconsistencies in Mr. Khochinksy's testimony were material or reflect on his credibility are issues that, for the reasons set forth below, the Court need not, and does not, reach.

11

the federal extradition statute." Cheng v. United States, 213 F.3d 82, 87 (2d Cir. 2000) (citing 18 U.S.C. §§ 3181-3196). That statute provides that the extradition judge shall issue a certificate of extraditability if "he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention." 18 U.S.C. § 3184. "The judicial officer's inquiry is confined to the following: whether a valid treaty exists; whether the crime charged is covered by the relevant treaty; and whether the evidence marshaled in support of the complaint for extradition is sufficient under the applicable standard of proof." Cheng, 213 F.3d at 88 (citation omitted). In this case, the dispute between the parties focuses on the third issue, viz., whether Poland has proffered sufficient evidence in support of its extradition request.

"An extradition hearing is not the occasion for an adjudication of guilt or innocence." Melia v. United States, 667 F.2d 300, 302 (2d Cir. 1981). Rather, the purpose of the proceeding "is to determine whether there is competent evidence to justify holding the accused to await trial." Collins v. Loisel, 259 U.S. 309, 316 (1922). Thus, the extradition judge "performs an assignment in line with his or her accustomed task of determining if there is probable cause to hold a defendant to answer for the commission of an offense." Lo Duca v. United States, 93 F.3d 1100, 1104 (2d Cir. 1996). Under federal law, probable cause exists where there is "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense

has been committed by the person to be arrested." <u>United States v. Howard</u>, 489 F.3d 484, 491 (2d Cir. 2007) (internal quotation marks and citation omitted).

Neither the Federal Rules of Evidence nor the Federal Rules of Criminal Procedure are applicable in extradition proceedings. Fed. R. Crim. P. 1(a)(5)(A); Fed. R. Evid. 1101(d)(3). Instead, admissibility is governed by 18 U.S.C. § 3190, which provides that:

> Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required.

18 U.S.C. § 3190. Accordingly, hearsay evidence is admissible. <u>Melia</u>, 667 F.2d at 302. Moreover, the defendant has no right to cross-examine witnesses or to introduce evidence to rebut that of the prosecutor. <u>Messina v. United States</u>, 728 F.2d 77, 80 (2d Cir. 1984).

Nonetheless, the court is not a "rubber stamp." <u>In re Extradition of Blakeney</u>, No. 10-MJ-635 SMG, 2010 WL 4457778, at *3 (E.D.N.Y. Nov. 1, 2010) (quoting <u>United States v. Fernandez-Morris</u>, 99 F. Supp. 2d 1358, 1366 n.7 (S.D. Fla. 1999)). In reviewing an extradition request, "a court must conduct an independent assessment of the evidence and closely examine the requesting country's submissions to ensure that any hearsay bears sufficient indicia of

13

reliability to establish probable cause." <u>United States v. Pena-Bencosme</u>, No. 05-M-1518 (SMG), 2006 WL 3290361, at *2 (E.D.N.Y. Nov. 13, 2006).

The critical threshold issue is the scope of the offense with which Khochinsky is charged. The Extradition Request, following the language of the Decision of the Regional Court of Poznań, states:

> The evidence gathered in the case of file reference number V Ds. 85/12 conducted by the District Prosecutor's Office 5th Investigative Department in Poznań allowed for issue of a decision to charge Alexander Yakovlevich Khochinskiy as follows: <u>before May 18, 2010 at an undisclosed location, knowing that a thing had been obtained by means of a prohibited act, he acquired a painting by Antoine Pesne "Girl with a Dove of 1754"</u> ... constituting good of particular importance to culture, and at the same time property of considerable value exceeding PLN 200 000 to the detriment of the Wielkopolskie Museum, currently the National Museum in Poznań, that is an offense under article 291 paragraph 1 of the Criminal Code in connection with article 294 paragraph 1 and 2 of the Criminal Code in connection with article 11 paragraph 2 of the Criminal Code.

Extradition Request, GX 1, at 2 (emphasis added). Thus, on its face, the Polish charge against Khochinsky appears to be limited to the acquisition of "Girl with Dove" before May 18, 2010.

The Government, however, urges that the charges against Khochinsky encompass additional conduct that occurred on and after May 18, 2010, and that also violates Article 291 of the Polish Criminal Code. Specifically, the Government contends that the charged conduct includes attempting to sell the Painting either to Poland or to private individuals and concealing the Painting by removing it from his gallery before it could be seized by the Russian authorities. This conduct, the Government argues, is also

14

prohibited by Article 291, which applies to "[a]ny person who purchases or helps to sell or accepts or helps to conceal" stolen goods. See GX 1, at 14. In support of its argument, the Government relies on the "Statement of Reasons" portion of Judge Zaidlewicz's Decision and on statements by the Polish Prosecutor in support of the extradition request, both of which describe Khochinsky's conduct after May 18, 2010.

However, read in context of Judge Zaidlewicz's Decision as a whole, the "Statement of Reasons" does not appear to be intended to expand the charge against Khochinsky to post-May 18, 2010 conduct, assuming arguendo that this were even legally possible under Polish law. Rather, Judge Zaidlewicz cites the "high likelihood that the suspect … currently is willfully concealing the painting," as well as the fact that he is "staying in the United States of America" and "traveling European countries" in support of her conclusion that "apprehension of the suspect and his participation in procedural actions can be ensured only by an isolating preventive measure." Decision, GX 1, at 8. Therefore, these allegations are proffered as reasons why it was necessary to issue a provisional arrest warrant, not as elements of the offense charged.

As to the additional statements of the Polish Prosecutor, it is true that, in their communications with the U.S. authorities, the Polish authorities described Khochinsky's conduct after May 18, 2010. For example, the Extradition Request states that, "[i]n the course of the conducted proceedings the following facts have been

15

determined," and then summarizes the facts described above, from the purchase of the Painting by the Wielkopolskie Museum in 1931 through the June 19, 2012 raid of the Bohema gallery. Extradition Request, GX 1, at 4. However, the descriptions of Khochinsky's subsequent conduct appear as background or context to the criminal charges. When discussing the actual charge against Khochinsky, the Polish documents consistently refer only to acquisition of "Girl with Dove" before May 18, 2010. See Extradition Request, GX 1, at 2; Decision, GX 1, at 7; Wanted Person Notice, GX 1, at 12; Supplementary Information to a Request for Provisional Arrest and Extradition dated October 16, 2014, GX 2.

Notably, the Government itself sought clarification from Poland regarding the scope of the conduct charged. On February 27, 2015, an attorney with the Office of International Affairs in the Department of Justice, after conferring with the Government regarding the status of this action, emailed a series of questions to the Polish authorities. See Letter from AUSA Katherine Reilly to Court dated June 18, 2015. One of those questions was: "the U[.]S[.] judge would like some clarification of the Polish offense? [sic] What are the elements to prove the offense of being in possession of a stolen cultural item?" Id. On March 5, 2015, Deputy Circle Prosecutor Mariusz Orlicki responded:

> Alexander Choczyński is accused of acquisition in so far undetermined place and time, but before 18 May 2010, of a painting by Antoine Pesne "Girl with a Dove" coming from the looting of property made in 1943 by the Third Reich, and then

16

>     exported to the territory of the USSR, which is a crime under
>     Article 291, paragraph 1 of the Criminal Code…"

GX 4 (emphasis added). Prosecutor Orlicki went on to discuss the circumstances surrounding Khochinsky's <u>acquisition</u> of the Painting, and why he believed they indicated that Khochinsky knew the Painting was stolen at that time. <u>Id.</u>

Finally, while neither party has directed the Court to controlling case law addressing this question, the Court considers that allowing the Government to supplement Poland's extradition request with evidence of conduct outside the scope of that charged for the purpose of expanding the charge itself would pose serious due process concerns. If Poland cannot establish probable cause that Khochinsky committed the conduct charged, then it lacks a sufficient basis to hold him for trial. <u>Cf.</u> <u>Collins v. Loisel</u>, 259 U.S. 309, 317 (1922) (holding that, in extradition proceedings, "whether there is a variance between the evidence and the complaint is to be decided by the general law and not by that of the state"); <u>Glucksman v. Henkel</u>, 221 U.S. 508, 513-14 (1911) (same).

Accordingly, the Court concludes that the charge against Khochinsky consists of acquiring "Girl with Dove" before May 18, 2010, knowing that it was stolen property. The Court now considers whether the Government has established probable cause to believe that Khochinsky committed this offense.

At the extradition hearing, the Government acknowledged that there was no direct evidence of Khochinsky's knowledge before May

17

18, 2010 that "Girl with Dove" was stolen. Tr. 4:12-15. Indeed, the Polish Prosecutor admitted that Poland did not know when or under what circumstances Khochinsky acquired the Painting. GX 4. The Government argued, instead, that there was circumstantial evidence that Khochinsky would have known the Painting was stolen, specifically, Poland's assertion that the Painting's loss was widely publicized on art loss websites and databases, and that, as an active art dealer, Khochinsky would have been aware of those posts. Tr. 4:24-5:4; GX 4. However, the Government presented no evidence that would be necessary to evaluate this claim, such as the number of items posted in such databases, how they are posted, whether Khochinsky would typically have accessed such databases, and the like.

To the contrary, the only evidence in the record tended to corroborate Khochinsky's claim that he inherited "Girl with Dove" from his father and only learned that Poland was seeking it in 2010.[5] Both of Khochinsky's nephews testified that they recalled seeing the Painting hanging in their grandparents' apartment. Moreover, the

---

[5] The alleged statement of the gallery employee that the Painting was acquired at a foreign auction does not demonstrate otherwise. The Polish Prosecutor reported that an employee of Bohema made this statement to the Polish art expert, Michałowski, when he visited the gallery to inspect the painting, who then relayed it to the Polish authorities conducting this investigation. There is no evidence of this employee's identity or the basis for his or her belief regarding the Painting's origin. Accordingly, this hearsay statement does not have sufficient indicia of reliability and is entitled to no weight.

undisputed evidence showed that Khochinsky openly displayed the Painting in his gallery in Moscow for many years and listed it in published catalogs. 29:1-7, 33:16-24, 48:13-51:6; DX E, F, K, L. This behavior is inconsistent with someone who knows his property is sought by a foreign sovereign.

In sum, the Government failed to adduce any evidence that Khochinsky knew "Girl with Dove" was stolen at the time he acquired it. Accordingly, the Government has failed to establish probable cause to believe that Khochinsky committed the crime with which he is charged.[6] It follows that the Government's petition for a certificate of extraditability for Khochinsky must be, and hereby is, denied and the Extradition Complaint dismissed. Clerk to enter judgment.

SO ORDERED.

Dated:   New York, NY
         August 3, 2015                    JED S. RAKOFF, U.S.D.J.

---

[6] Because the Court finds that Poland's evidence is insufficient to establish probable cause, it does not reach Khochinsky's remaining arguments regarding the Act of State Doctrine, Russian Law, and the like.